Lynn Woods AL3571
Name and Prisoner/Booking Number

California Medical Facility
Place of Confinement

P.O. Box 2000
Mailing Address

Vacaville, Ca 95696
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

```
┌─────────────────────────────────┐
│           FILED                 │
│                                 │
│        Apr 11, 2022             │
│  CLERK, U.S. DISTRICT COURT     │
│ EASTERN DISTRICT OF CALIFORNIA  │
└─────────────────────────────────┘
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Lynn Woods                    )
(Full Name of Plaintiff)      )
                   Plaintiff, )
                              )
          v.                  )  CASE NO. 2:22-cv-640-EFB (PC)
                              )            (To be supplied by the Clerk)
(1) Christopher Smith, M.D.   )
(Full Name of Defendant)      )
(2) Dr. Alan Kirsch           )
                              )  CIVIL RIGHTS COMPLAINT
(3) Gregory C. Tesluk         )       BY A PRISONER
                              )
(4) Sam Wong                  )
                              )  ☒ Original Complaint
              Defendant(s).   )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )  ☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☐ Other: _____

2.  Institution/city where violation occurred: Mule Creek State Prison

## B. DEFENDANTS

1. Name of first Defendant: Christopher Smith _____. The first Defendant is employed as:
   ___ Chief Medical Officer ___ at Mule Creek State Prison ___.
   (Position and Title)                                    (Institution)

2. Name of second Defendant: Dr. Alan Kirsch _____. The second Defendant is employed as:
   ___ Optometrists ___ at Mule Creek State Prison ___.
   (Position and Title)                                    (Institution)

3. Name of third Defendant: Gregory C. Tesluk _____. The third Defendant is employed as:
   ___ M.D. ___ at Modesto Eye Surgery ___.
   (Position and Title)                                    (Institution)

4. Name of fourth Defendant: Sam Wong _____. The fourth Defendant is employed as:
   ___ Primary Care Provider ___ at Mule Creek State Prison ___.
   (Position and Title)                                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D.  CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: __8th Amendment to the U.S. Const.- prison officials acted with deliberate indifference.__

2. Claim I. Identify the issue involved. Check **only** one. State additional issues in separate claims.
   - [ ] Basic necessities
   - [ ] Disciplinary proceedings
   - [ ] Excessive force by an officer
   - [ ] Mail
   - [ ] Property
   - [ ] Threat to safety
   - [ ] Access to the court
   - [ ] Exercise of religion
   - [ ] Other: _____
   - [x] Medical care
   - [ ] Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   (1) Dr. Alan Kiesen who was the optometrist and the Chief medical officer Christopher Smith, M.D. who oversee Dr. Alan Kiesen failed to give me a thorough exam with dilated pupils and an opthalmoscope can determine the extent of my retinal detachment the location of any holes, and the best way to treat the problem. From 2015 until my surgery on July 28, 2021, I repeatedly asked for medical care. I received the wrong type of care then I suffered a serious injury. My retinal detachment was not treated early, my lifting continued until retina barely hangs onto the ciliary body and optic nerve. U.C. Davis medical doctors said my condition was an old injury. I was in pain for many years. (3) Gregory C. Teslok, M.D. who has his own practice to fix eye vision gave me a wrong diagnoisis that lead medical officials at the prison the impression that my condition in my left eye was cataracts but U.C. DAVIS medical doctors found none. This dia-
   (cont. 3a)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   The delay in getting medical attention, from the surgery, I lost my eye sight in my left eye.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?
   [x] Yes  [ ] No
   b. Did you submit a request for administrative relief on Claim I?
   [x] Yes  [ ] No
   c. Did you appeal your request for relief on Claim I to the highest level?
   [x] Yes  [ ] No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

cont. 3a

gnosis that lead medical officials at the prison to deny me the proper treatment in a reasonable time.

(4) Sam Wong was my primary care provider who failed to thoroughly review my medical files to further assist me in getting the proper treatment to elevate my pain and suffering.

For the sake of clarity, anew optometrist Mostafa Anady checked my eyes on 7-14-21 as an routine exam. I was then rushed to U.C. Davis hospital emergency room after I complained about the discomfort in my eyes I been having for years and the results confirmed it.

I learned my retinal was detached and my condition was serious. The fluid in my eye was bad. I agreed to the surgery to correct my detached retinal, after I was informed on my condition and given accurate information that was different from the information given to me by all four defendants.

//

//

//

3A

CLAIM II

1. State the constitutional or other federal civil right that was violated: 8th Amend. violation when prison officials failure to provide treatment.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   (see supporting facts in Claim1)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I lost the vision in my left eye.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## CLAIM III

1. State the constitutional or other federal civil right that was violated: 8th Amend. violation
officials delay in getting me the proper medical attention.

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☒ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

(see supporting facts in Claim 1)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

I lost the vision in my left eye.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim III?        ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking: (1) I'm suing each defendant in their official and individual capacity for a total of $300,000. (2) I want each defendant, healthcare staff, supervisors and auditors at the prison held accountable for mistakes made to my lack of medical treatment and correct information given to me about my condition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____4-11-2022_____

        DATE

                                  SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

# EXHIBIT COVER PAGE

$A$

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: ___10___ pages.

JURISDICTION: {Check Only one}

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [X] United States District Court
- [ ] Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury
- [ ] Other

 **CALIFORNIA CORRECTIONAL**
# HEALTH CARE SERVICES


**Headquarters' Level Response**

**Closing Date:** DEC 2 2 2021

**To:**  WOODS, LYNN (AL8571)
California Medical Facility
P.O. Box 2000
Vacaville, CA 95696-2000

**From:**  California Correctional Health Care Services
Health Care Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking #:**  MCSP HC 21001692

## RULES AND REGULATIONS
The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE APPEAL SUMMARY
In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| Issue | | Description |
|---|---|---|
| Issue: | Disagreement with Treatment (PCP) | Denied reasonably adequate medical care for your left eye. |
| Issue: | Staff Complaints (Reprimand Request) | Staff to be trained and sanctioned. |
| Issue: | Administrative (Monetary Compensation) | Pain and suffering. |
| Issue: | Grievances (Admin Remedy Exhaustion) | For litigation purposes. |

## HEADQUARTERS' LEVEL DISPOSITION

[X] No intervention.    [ ] Intervention.

## BASIS FOR HEADQUARTERS' LEVEL DISPOSITION
Your health care grievance package, health record, and all pertinent departmental policies and procedures were reviewed. You are enrolled in the Chronic Care Program where your medical conditions and medication needs are closely monitored. Records support you having received evaluation and treatment as determined medically necessary including, but not limited to: primary care provider evaluations, registered nurse assessments, specialty consultations, and medication.

---

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

Subsequent to the Institutional Level Response, on October 5, 2021, you received primary care provider evaluation for issues related to this health care grievance; the provider reviewed your history of retinal detachment in your left eye and chronic blurry vision due to a previous motor vehicle accident many years ago. You reported improvement of the vision in your left eye with no pain. Upon examination, the provider noted your history of retinal detachment was clinically stable. Progress notes indicate you tolerated the ketorolac and prednisolone eye drops as prescribed; you were instructed to continue using the eye drops and to follow up with ophthalmology as recommended. Review of your health record indicates you currently have an ophthalmology appointment pending. You will be ducated when this appointment nears.

You alleged negligent care; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record. While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public. Your health care grievance has been processed per California Code of Regulations, Title 15, Chapter 2, Subchapter 2, Article 5.

Monetary compensation is outside the jurisdiction of the health care grievance process.

You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

It is not appropriate to expand the health care grievance beyond the initial issue(s). The Health Care Correspondence and Appeals Branch has the discretion whether to address new issues; it has been determined the new issue(s), *foot pain*, not included in the originally submitted CDCR 602 HC, Health Care Grievance, will not be addressed at the headquarters' level per California Code of Regulations, Title 15, Section 3999.230(i).

There is no indication your care has not been provided pursuant to the rules and regulations governing the management and delivery of medically or clinically necessary health care services. Patients shall be accorded impartial (equal, unbiased) access to treatment or accommodations that are determined to be medically or clinically indicated, based on the patient's individual presentation, history, and exam findings, in accordance with appropriate policies and procedures.

Subsequent to the initial filing of this health care grievance you were transferred to California Men's Facility. Your medical condition will continue to be monitored with care provided as determined medically or clinically indicated by the primary care provider. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

Note 1: The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

This decision exhausts your administrative remedies.

Digitally signed
by HCCAB
for  Date:
2021.12.21
16:35:03 -08'00'

_____

S. Gates, Chief
Health Care Correspondence and Appeals Branch
Policy and Risk Management Services
California Correctional Health Care Services

December 21, 2021
_____
Reviewed and Signed Date

Note 1:  The headquarters' level review is based on records available as of the date the Headquarters' Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

P.O. Box 588500
Elk Grove, CA  95758

STATE OF CALIFORNIA     DEPARTMENT OF CORRECTIONS AND REHABILITATION
**GRIEVANCE**        **MCSP-HC**
CDCR 602-1 (03/20)

# 2100692     Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 150437    Date Received: _____ |
| | Date Due: _____ |
| | Categories: _____ |

*This is the process to ask for help with a complaint.*

Claimant Name: **Lynn R. Woods**    CDCR #: **AL8571**   Current Housing/Parole Unit: **A-3-110** <sup>Low</sup>

Institution/Facility/Parole Region: **Mule Creek State Prison.**

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

RECEIVED HCCAB OCT 1 2 2021

RECEIVED MCSP AUG 1 1 2021 HCGO

COMPLETED HCCAB DEC 2 2021P

AUG 11 2021

On July 14th 2021, I was ducated to optometry for an eye appointment. Upon examination of my left eyes, subsequently I was rushed out of the institution to UC Davis medical Center Emergency Room. After emergency room triage, I was informed by the ER physician/opthamologist that as a result of an old injury to my left eye, I had suffered a 'Detached retina' which requires Surgery using local anesthetic. The procedure that I had on July 29th, 2021 was "Scleral Buckling". This involved making a hole to drain the fluid so the retina falls back against the 'choroid. The hole is sealed and the Sclera is indented or indented slightly to make better contact with the retina and then secured with a Silicone buckle that is stitched around the circumference of the eyeball. In a newer technique, called pneumopexy, gas is injected into the Vitreous cavity to press the retina to the choroid. Because the body does not replace its own vitreous fluid, a saline Solution is inserted as a permanent Substitute. It has been said that Vision often returns to normal if Surgery is performed before the detachment is complete. However, in advanced cases that affect Central vision, I may continue to have blurred vision.

     Since that of 2013, I have made dozens of complaints via medical CDCR form 7362 regarding vision impairments and periodic discomfort. As a result I was seen by Dr. Wong my then (PCP) primary Care Physician and the then institutions opthamologist who repeatedly dismissed my claims. I was denied 'Reasonably Adequate' medical care which is "Deliberate Indifference" to serious medical needs

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO, and Claimant

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)
DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

that has left me with unnecessary and wanton inflict'n of pain in my left eye. I have been complaining to medical personnel about this issue. I've filed previously ADA Grievances that were denied. I've asked for by request, medical equipment to help assist and accomodate me until the issue was treated and accomodations were not needed further. A request for a Visually impaired vest was made and denied prior to the surgery. I was forced to suffer by medical personnel who obviously were aided by their own biases and unprofessionalism. Yes, I was issued transitional lenses in the past, but that did not treat the problem and in fact eventually made the problem worse that eventually led to retinal detachment "Scleral buckling" Surgical procedure. Also refer to letters from Gregory Testuik M.D. To CMO @ M.C.S.P. Christopher Smith M.D.
The medical care here at M.C. S.P. is inadequate.
And, if Healthcare came first issue's like mine's could have been prevented, and reasonable accomodation would have previously afforded to help assist me before and after the retinal detachment. I am seeking some accountability from the Healthcare staff and their Supervisors including auditors who have overlooked this problem that lasted seven in a half years. I am also seeking financial compensation. I also wish to exhaust my administrative remedies for the sole purpose of civil litigation. I am also requesting that all personnel involved be trained and sanctioned. Medical Care should not be a priviledge or a form of torture and punishment.

* I have attached six pieces of information from UC Davis regarding my surgical procedure.

RECEIVED
MCSP
AUG 11 2021
HCGO

COMPLETED
MCSP
SEP 2 9 2021
HCGO

**Reminder:** Please attach all documents in your possession that support your claim(s).

Please note that this form and supporting documents will not be returned to you.

Claimant Signature: _____

Date Signed: _August 10th, 2021_

DISTRIBUTION    Original: Claimant's File    Copies: DAI, DAPO  and Claimant

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

| **STAFF USE ONLY** | Expedited? ☐ Yes | MCSP-HC Tracking #: | **#21001692#** |

P Roork, RN

Staff Name and Title (Print)        Signature        Date   8/11/2021

**If you think you have a medical, mental health or dental emergency, notify staff immediately.** If additional space is needed, use Section A of the CDCR 602 HC A Health Care Grievance Attachment. Only one CDCR 602 HC A will be accepted. You must submit this health care grievance to the Health Care Grievance Office for processing.  Refer to California Code of Regulations (CCR), Title 15, Chapter 2, Subchapter 2, Article 5 for further guidance with the health care grievance process.

**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI): Woods, Lynn R.

CDCR #: AL 8571

Unit/Cell #: A3-110

**SECTION A:** Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy:

SEE ATTACHED
CDC-1824/602

Supporting Documents Attached. Refer to CCR 3999.227 ☐ Yes ☐ No

Grievant Signature:        Date Submitted:

BY PLACING MY INITIALS IN THIS BOX, I REQUEST TO RECEIVE AN INTERVIEW AT THE INSTITUTIONAL LEVEL. ✓

| **SECTION B:** | HEALTH CARE GRIEVANCE REVIEW INSTITUTIONAL LEVEL: Staff Use Only | Is a CDCR 602 HC A attached? ☑ Yes ☐ No |

This grievance has been:

☐ Rejected (See attached letter for instruction):  Date: _____  Date: _____

☐ Withdrawn (see section E)

☑ Accepted    Assigned To: TBD    Title: HEARN    Date Assigned: 8/12/21    Date Due: 10/14/21

Interview Conducted? ☑ Yes ☐ No   Date of Interview: 9/14/21   Interview Location: A3 cellside

Interviewer Name and Title (print): Wesley Vaughn    Signature: _____   Date: 9/14/21

Reviewing Authority Name and Title (print): D. Ok RN   SEP 28 2021    Signature: _____   Date: 9/28/21

**Disposition:** See attached letter   CP&S - MCSP    ☐ Intervention    ☑ No Intervention

HCGO Use Only: Date closed and mailed/delivered to grievant:   SEP 29 2021

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: |
|---|---|---|
| ☐ TABE score ≤ 4.0 | ☑ Additional time | ☑ Patient asked questions |
| ☐ DPH ☑ DPV ☐ LD | ☐ Equipment ☐ SLI | ☑ Patient summed information |
| ☐ DPS ☐ DNH | ☐ Louder ☑ Slower | Please check one: |
| ☐ DDP | ☑ Basic ☐ Transcribe | ☐ Not reached* ☑ Reached |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes |

4. Comments:

RECEIVED MCSP AUG 11 2021 HCGO

COMPLETED MCSP STAFF USE ONLY HCGO

RECEIVED HCCAP SEP 29 2021

COMPLETED HCCAP DEC 22 2021

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE**
CDCR 602 HC (Rev. 10/18)

**MCSP-HC**

DEPARTMENT OF CORRECTIONS AND REHABILITATION
#**2 1 0 0 1 6 9 2** Page 2 of 2

Tracking #:

| SECTION C: | Health Care Grievance Appeal. If you are dissatisfied with the Institutional-Level Grievance Response, explain the reason below (if more space is needed, use Section C of the CDCR 602 HC A), and submit the entire health care grievance package by mail for Headquarters' (HQ) Level health care grievance appeal review. Mail to: Health Care Correspondence and Appeals Branch, P.O. Box 588500, Elk Grove, CA 95758. |
|---|---|

9/14/21 RN Cox interviewed me door side due to the housing unit being on quarantine. During this interview in the presence of my cellmate, RN Cox had informed me that she would not be looking at any records going back past a year. At which time, RN cox had also informed me that she did not have in possession any information regarding that of Treatments regarding that of my left eye. As stated in the initial complaint, I have made dozens of complaints related to my left eye via Medical 7362 Forms since that of 2013. However, I did attach those records do to the fact that the interviewer's responsibility was to go back and Adequately Investigate that of my claim. However, as stated, she went as far back as April 2021. Via Mule Creek State Prison Medical Records, in which I have obtained there is an abundance of Medical request forms related to that of pain, discomfort and blurry vision..

**Grievant Signature:**

**Date Submitted:** 10/6/2021

| **SECTION D:** | **HEALTH CARE GRIEVANCE APPEAL REVIEW HQ LEVEL: Staff Use Only** | Is a CDCR 602 HC A attached? ☒ Yes | ☐ No |
|---|---|---|---|

This grievance has been:

☐ Rejected (See attached letter for instruction):   Date: _____   Date: _____

☐ Withdrawn (see section E)   ☒ Accepted

☐ Amendment   Date: _____

Interview Conducted?   ☐ Yes   ☒ No   Date of Interview: _____   Interview Location: _____

Interviewer Name and Title (print): _____   Signature: _____   Date: _____

**Disposition:** See attached letter   ☐ Intervention   ☒ No Intervention

*This decision exhausts your administrative remedies.*

**HQ Use Only:** Date closed and mailed/delivered to grievant:   **DEC 2 2 2021**

| SECTION E: | Grievant requests to WITHDRAW health care grievance: I request that this health care grievance be withdrawn from further review. Reason: |
|---|---|

**Grievant Signature:** _____   **Date Submitted:** _____

**Staff Name and Title (Print):** _____   **Signature:** _____   **Date:** _____

RECEIVED
MCSP
AUG 1 1 2021
HCGO

**STAFF USE ONLY**

Distribution: **Original** - Returned to grievant after completed; **Scanned Copy** - Health Care Appeals and Risk Tracking System 2.0 (Do not place in central file or health record)

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

STATE OF CALIFORNIA
**HEALTH CARE GRIEVANCE ATTACHMENT**
CDCR 602 HC A (10/18)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

MCSP-HC

---

**STAFF USE ONLY**

Tracking #:

MCSP-HC

MCSP-HC

#21001692#

Attach this form to the CDCR 602 HC, Health Care Grievance, only if more space is needed. Only one CDCR 602 HC A may be used.
**Do not exceed more than one row of text per line. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

Name (Last, First, MI):   Woods, Lynn R.

CDCR Number:   AL8571

Unit/Cell Number:   A3-110

**SECTION A:** Continuation of CDCR 602 HC, Health Care Grievance, Section A only (Explain the applied health care policy, decision, action, condition, or omission that has had a material adverse effect upon your health or welfare for which you seek administrative remedy):

SEE ATTACHED
CDC-1824/602

Grievant Signature: _____   Date Submitted: _____

**SECTION B:** Staff Use Only: Grievants do not write in this area. Grievance Interview Clarification. Document issue(s) clarified during interview.

Name and Title: _____   Signature: _____   Date: _____

RECEIVED
MCSP
AUG 1 1 2021
HCGO

COMPLETED
MCSP
SEP 2 9 2021
HCGO

RECEIVED
STAFF USE ONLY
OCT 1 2 2021

COMPLETED
HCCAB
DEC 2 2 2021

*Please See Attachments*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**HEALTH CARE GRIEVANCE ATTACHMENT**
Page 2 of 2
CDCR 602 HC A (10/18)                    **MCSP-HC**

Tracking #: **2100692**

**SECTION C:** Continuation of CDCR 602 HC, Health Care Grievance Appeal, Section C only (Dissatisfied with Health Care Grievance Response):

Also, other issues related to that of my left eye. As it relates to that of the alledged refusal of medical appointments on 7/16/21 and 7/23/21, as noted in medical records I have also been having problems with my feet. At times these issues have prevented me from actively participating in daily activities. Also creating an excruciating pain when I walk. Again, these issues were noted on medical 7362 forms, and made available to the interviewer of my grievance/claim. Although I have been given the vision impaired vest, I was previously denied reasonable accomodations when I had initially applied informing the committee of the disability prior to the retinal detachment surgery. It is noted on the grievance response letter that on 9/2/2021 tant ther is a HISTORY of retinal detachment. So if there was a HISTORY, was something else that prevented M.C.S.P from addressing the this medical EMERGENCY? Nothing but mere NEGLIGENCE, and Laziness. The interviewer RN. Cox proved that when she said that she would not go back past a year, when the grievance stated that I hadf been making complaints since that of 2013. Again I am exhausting my Administrative Remedies for civil litigation. As far as the Health Care Services here at M.C.S.P, I looking for some accountability. Someone needs to take some responsibility and it's best to initiate an apology. I may never regain sight again. SCARY...

Grievant Signature: _____                    Date Submitted: 10/6/21

**SECTION D:** Staff Use Only: Grievants do not write in this area. Grievance Appeal Interview Clarification. Document issue(s) clarified during interview (If necessary at HQ Level).

_____
_____
_____
_____
_____
_____

Name and Title: _____    Signature: _____    Date : _____

RECEIVED
MCSP
AUG 1 1 2021
HCGO

**STAFF USE ONLY**

*Unauthorized collection, creation, use, disclosure, modification or destruction of personally identifiable information and/or protected health information may subject individuals to civil liability under applicable federal and state laws.*

# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Institutional Level Response**

**Closing Date:**     SEP 2 9 2021

**To:**     WOODS, LYNN (AL8571)
A  003 1110001LP
Mule Creek State Prison
P.O. Box 409099
Ione, CA 95640

**Tracking #:**   MCSP HC 21001692

## RULES AND REGULATIONS

The rules governing these issues are:  California Code of Regulations, Title 15; Health Care Department Operations Manual; Mental Health Services Delivery System Program Guide; California Department of Corrections and Rehabilitation Department Operations Manual.

## HEALTH CARE GRIEVANCE SUMMARY

In your CDCR 602 HC, Health Care Grievance, you explained the decision, action, condition, omission, policy, or regulation that has had a material adverse effect upon your health or welfare for which you seek administrative remedy.

| **Issue** | | **Description** |
|---|---|---|
| Issue: | Disagreement with Treatment (Primary Care Provider) | You state you disagree with treatment you have received at Mule Creek State Prison for your left eye. |
| Issue: | Staff Complaints (Reprimand Request) | You state you would like healthcare staff, supervisors and auditors held accountable for mistakes made in your left eye medical treatment. |
| Issue: | Staff Complaints (Deliberate Indifference) | You allege medical staff has been deliberately indifferent to your medical needs. |
| Issue: | Grievances (Admin Remedy Exhaustion) | You state you want to exhaust all administrative remedies regarding this grievance. |
| Issue: | Administrative (Monetary Compensation) | You state you would like monetary compensation. |

## INTERVIEW

On September 14, 2021, you were interviewed by RN Cox regarding this health care grievance. During the interview, you were allowed the opportunity to fully explain your health care grievance issue(s).

## INSTITUTIONAL LEVEL DISPOSITION

[ X ]  No intervention.      [   ]  Intervention.

---

Note 1:  The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2:  The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3:  Permanent health care grievance document.  Do not remove from the health care grievance package.

RECEIVED
HCCAP
OCT 1 2 2021

## BASIS FOR INSTITUTIONAL LEVEL DISPOSITION

Your health care grievance package and health record, and all pertinent departmental policies and procedures were reviewed. These records indicate you are enrolled in the Chronic Care Program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you.

A review of your medical records indicate you submitted seven CDCR 7362's to medical prior to your diagnosis of retinal detachment, all CDCR 7362's were unrelated to left eye symptoms. On April 15, 2021 you received a Chronic Care Program follow up appointment with a primary care provider and a referral for services was placed for optometry to evaluate you for cataracts. During your optometry evaluation on July 14, 2021 a left eye retinal detachment was noted and you were sent to UC Davis emergency room for an ophthalmology evaluation whose plan of care was to repair it in two weeks. A review of your appointment schedule indicates a primary care provider follow up was scheduled on July 16, 2021; however you refused to attend this appointment. Further review of your medical records indicate on July 23, 2021 you were scheduled to see offsite ophthalmology; however you refused to attend this appointment due to a blister on your foot. You received a repair of your retinal detachment on July 29, 2021 and post op care from ophthalmology on July 30, 2021 and August 27, 2021. In addition you received follow up care by a primary care provider on July 26, 2012, August 2, 2021 and September 2, 2021 for your left eye. Outpatient progress notes on September 2, 2021 indicate a "History of retinal detachment See most recent f/u notes from UCD Dated 8/27. Right hand is now attached. Likely visually significant cataract OS. Plan start Pred forte and Acular 4 times daily OS. Discontinue atropine, Maxitrol ointment and brimonidine drops. Relax activity precautions. Refer for cataract evaluation OS. Follow-up 10 weeks with UCD Vitreoretinal Service." While you have the right to refuse most health care, you are considered an active partner and participant in the health care delivery system. You are encouraged to cooperate with your health care providers in an effort to achieve optimal clinical outcome. There is no recent documentation that you have attempted to access health care services utilizing the approved processes for concerns related to left eye concerns.

Medical records also indicate on August 3, 2021 your medical classification Chrono was updated to DVP and were provided a vision impaired disability vest on August 4, 2021.

You alleged negligent care; however, your allegation is refuted by professional health care staff familiar with your health care history, as well as a review of your health record.

While you may not agree with the decisions of your treatment team, it does not constitute staff misconduct or deliberate indifference to your health care needs.

California Correctional Health Care Services takes your complaint against any personnel seriously and all efforts are made to ensure these matters are researched and responded to accordingly. However, it is not in the purview of grievants to dictate administrative actions regarding health care grievance review, disciplinary measures, or adverse action against staff. Further, all such personnel actions are confidential and will not be shared with inmates, staff, or the public.

You have the right to exhaust your administrative remedies or file a civil action. It is your personal responsibility to obtain legal counsel if you so choose. The Prison Litigation Reform Act (42 U.S.C § 1997e[a]) states: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Monetary compensation is outside the jurisdiction of the health care grievance process.

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**

RECEIVED
HCCAP
OCT 1 2 2021

While the health care grievance process is a means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your health care providers. You are encouraged to continue your care with your assigned health care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your health care providers to offer and provide only the care they determine to be currently medically or clinically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other health care facilities or staff, input from health care consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current health care providers.

If you are dissatisfied with the Institutional Level Response, follow the instructions on the CDCR 602 HC, Health Care Grievance, and submit the entire health care grievance package for headquarters' level review. The headquarters' level review constitutes the final disposition on your health care grievance and exhausts your administrative remedies.

W. Vaughn, MD
Chief Physician & Surgeon
Health Care Grievance Office
Mule Creek State Prison

9/28/21
Reviewed and Signed Date

Note 1: The institutional level review is based on records available as of the date the Institutional Level Response is signed by the reviewing authority.
Note 2: The closing date reflects the closed, mailed/delivered date of the health care grievance.
Note 3: Permanent health care grievance document. Do not remove from the health care grievance package.

CALIFORNIA CORRECTIONAL
**HEALTH CARE SERVICES**



RECEIVED
HCCAP
OCT 1 2 2021

Re: Lynn Woods AL8571

Institution: Mule Creek State Prison

Grievance Log No.MCSP HC 21001692

HEALTH CARE SERVICES REQUEST FORM FORM DATE AND FORM NUMBER

1.  DATE RECIEVED: 5/13/2014   FORM NO. 0199356 SENT: 5/12/14X
2.  DATE RECIEVED: 3/31/2014   FORM NO. 0199369 SENT: 3/30/14
3.  DATE RECIEVED: 12/12/14   FORM NO. 0477623 SENT: 12/10/14
4.  DATE RECIEVED: 10/11/2015 FORM NO. 2926383 SENT: 10/10/2015
5.  DATE RECIEVED: 12/20/2016 FORM NO. 5075153 SENT: 12/19/2016
6.  DATE RECIEVED: 5/13/2017   FORM NO. 5884975 SENT: 5/12/2017
7.  DATE RECIEVED: 6/11/2017   FORM NO. 5968515 SENT: 6/10/2017
8.  DATE RECIEVED: 6/29/2017   formNO. 58762788 SENT: 6/29/2017
9.  DATE RECIEVED: 11/15/2018 FORM NO. 7157157 SENT: 11/14/2018
10. DATE RECIEVED: 5/21/2018   FORM NO. 6885815 SENT: 5/21/2018
11. DATE RECIEVED: 4/15/2018   FORM NO. 5308010 SENT: 4/13/2018
12.DATE RECIEVED:  10/30/2018 FORM NO. 7771640 SENT: 10/28/2018
13. DATE RECIEVED: 5/13/2019   FORM NO. 8246974 SENT: 5/13/19
14. CDCR 1824 LOG NO. MCSP-A-19-03054 SUBMITTED ON 8/12/2019
                     SUBMITTED BY RN B.NAHAL
15. FOR LINE NO.14 REFER TO 7362 FORM NO. 6668626
16. DATE RECIEVED: 9/19/2019   FORM NO. 5915689 SENT: 9/18/2019
17. DATE RECIEVED: 7/23/2020   FORM NO. NO FORM NUMBER AVAILABLE
18. DATE RECIEVED: 7/20/2020   FORM NO. NO FORM NUMBER AVAILABLE
19. DATE RECIEVED:  7/29/2021 FORM NO. NO FORM NUMBER AVAILABLE

AS STATED IN THE DISSATISFIED SECTION OF THE GRIEVANCE, HAD
THE INTERVIEWING RN COX HAD THOUROUGHLY AND PROFESSIONALLY
DONE HER RESEARCH AND OR INVESTIGATION, SHE WOULD HAVE RELIED
UPON EVIDENCE OF MY REPORTING LEFT EYE PROBLEMS SINCE THAT OF
2013-2014 THROUGH THE PRESENT. ALSO ON LINES 14 &15, I HAVE
PROVIDE THE DATE AND LOG NO. for that INITIAL 1824 REASONABLE
ACCOMODATION  THAT WAS SUBMITTED, ALONG WITH THE 7362 WITH
IT IN WHICH I WAS DENIED.

THIS PAGE IS TROPHIED AS AN ATTACHMNET TO GRIEVANCE LOG NO.
MCSP HC 21001692



IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Lynn Woods

      Plaintiff,

vs.                   No.

Christopher Smith,
Dr, Alan Kirsen,
Gregory C. Tesluk,
        Defendant(s).        PROOF OF SERVICE
Sam Wong.

_____ /

     I, the undersigned, hereby certify that I am over the age of eighteen years and

on _____ 4 - 11 _____, 20 22 ___, I served a copy of

_Civil Cover Sheet(E-Filing); Civil Rights Complaint_____,

by placing a copy in a postage paid envelope addressed to the person hereinafter listed

by depositing said envelope in the United States Mail:

           California Medical Facility
              P.O. Box 2000
            Vacaville, California 95696

I declare under penalty of perjury that the foregoing is true and correct.

_____

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** Christopher Smith, M.D., Dr. Alan
*(AVISO AL DEMANDADO):* Kirsch, Gregory C. Tesluk, M.D.,
Sam Wong

**YOU ARE BEING SUED BY PLAINTIFF:** Lynn Woods
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Eastern District<br>*(El nombre y dirección de la corte es):* 501 i St.,#4-200<br>Sacramento, Ca 95814 | CASE NUMBER: *(Número del Caso):* |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* Lynn Woods#AL8571,
P.O. Box 2000, Vacaville, Ca 95696

| DATE:<br>*(Fecha)* 4-11-2022 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

| [SEAL] | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date)* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

15