UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS, | No. 2:22-cv-0640-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF No. 1. He has also filed a request for appointment of counsel. ECF No. 2.

Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Request for Appointment of Counsel

Plaintiff requests that the court appoint him counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

<u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Id.* (citations

omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ' 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Screening Order

Plaintiff's complaint (ECF No. 3) alleges the following: From 2013 until he received surgery for a detached retina on July 28, 2021, plaintiff repeatedly asked for medical care. His primary care provider at Mule Creek State Prison ("MCSP"), Dr. Sam Wong, did not thoroughly review plaintiff's medical files to assist plaintiff in getting the treatment he needed. An outside doctor, Dr. Gregory Tesluk, misdiagnosed plaintiff's eye condition as cataracts. As a result, plaintiff received the wrong type of care and he was in pain for many years. Plaintiff's optometrist, Dr. Alan Kirsen, failed to thoroughly examine plaintiff or provide him with the best form of treatment. The Chief Medical Officer at MCSP, Christopher Smith, oversaw Dr. Kirsen. It was not until plaintiff saw a new optometrist on July 14, 2021, that his detached retina was detected and plaintiff was rushed to surgery. The surgery (and the delay in treatment for the detached retina) left plaintiff without vision in his left eye. Plaintiff alleges that defendants Wong, Tesluk, Kirsen, and Smith were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

/////

Plaintiff has failed to sufficiently allege that any of the defendants acted with deliberate indifference. Deliberate indifference to serious medical needs consists of two requirements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060). The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, plaintiff has alleged a serious medical need. But he fails to allege facts sufficient to show that any defendant's response was deliberately indifferent to that need. Rather, his claims are not distinguishable from mere negligence or medical malpractice. His allegations of inadequate reviews of his medical records, a misdiagnosis, and a cursory physical examination do not demonstrate that any defendant denied, delayed or intentionally interfered with plaintiff's medical treatment knowing that it would present a substantial risk of harm to plaintiff. Moreover, plaintiff seems to have named Smith as a defendant simply because of his role as a supervisor, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 1) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's request for appointment of counsel (ECF No. 2) is DENIED without prejudice;

4. Plaintiff's complaint (ECF No. 3) is DISMISSED with leave to amend within 30 days of service of this order; and

5. Failure to comply with this order may result in dismissal of this action.

DATED: June 15, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE