UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS, | No. 2:22-cv-0640-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an amended complaint (ECF No. 11) which the court must screen.[1]

Screening Order

The amended complaint alleges that plaintiff's primary care provider, Dr. Sam Wong, was deliberately indifferent to plaintiff's eye pain. In 2013, when plaintiff initially complained to Dr. Wong about his eye pain and blurred vision, Dr. Wong referred plaintiff to optometry. ECF No. 11 at 3.

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Plaintiff's eye pain, however, persisted. For the next six years, plaintiff repeatedly complained to Dr. Wong about his worsening eye pain and blurred vision. *Id.* at 4-5. Sometimes Dr. Wong would check plaintiff's eyes, other times he would not. *Id.* In 2021, plaintiff's eye condition was finally diagnosed as retinal detachment. *Id.* at 4, 6. Because of the delay in proper diagnosis and treatment, plaintiff's eye had to be removed. *Id.* at 3-4, 7.

The optometrist to which plaintiff was referred was defendant Alan Kirsch. *Id.* at 4. Plaintiff repeatedly complained to Kirsch about his worsening eye condition between 2016 and 2020. *Id.* at 4-5. The only treatment Kirsch offered to plaintiff was a new pair of glasses. *Id.* at 3, 5. Kirsch's failure to treat plaintiff's condition caused plaintiff to experience significant pain for an extended period of time. *Id.* at 5.

On July 31, 2017 and November 27, 2017, defendant Dr. Gregory Tesluk wrote letters to defendant Chief Medical Officer Christopher Smith. *Id.* at 4. In each letter, Tesluk misdiagnosed plaintiff's eye condition as cataracts. *Id.* According to plaintiff, Tesluk "clearly knew" the problem was retinal detachment but denied plaintiff treatment. *Id.*

Dr. Smith supervised the other defendant doctors and was aware of the many complaints plaintiff had filed. *Id.* at 5. Dr. Smith failed to recognize that retinal detachment was the problem. *Id.* at 5-6.

Like the original complaint, plaintiff has alleged a serious medical need, but has not shown that any defendant responded to those needs with the requisite deliberate indifference for an Eighth Amendment claim. For example, Wong's alleged response to plaintiff's complaints was to sometimes examine plaintiff's eyes, but not always. Plaintiff does not specify how Wong's response (or lack thereof) was done to intentionally deny, delay, or interfere with plaintiff's medical treatment. Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

The same shortfalls apply to the allegations against Kirsch. Kirsch allegedly responded to plaintiff's complaints by getting plaintiff new glasses. If plaintiff believes that Kirsch was aware that new glasses would not actually protect plaintiff from a substantial risk of serious harm, but

ordered them anyway without otherwise caring for plaintiff's eye condition, plaintiff should say so in an amended complaint. Similarly, if plaintiff complained to Kirsch that his eyes still bothered him after receiving the new glasses, plaintiff should say so in an amended complaint. Plaintiff should also allege how Kirsch responded to such complaints.

The claims against Tesluk and Smith are also deficient for the reasons stated in the original screening order. Plaintiff's allegations that Tesluk misdiagnosed plaintiff's eye condition does not demonstrate that Tesluk was deliberately indifferent. In any amended complaint, plaintiff should support his conclusory allegation that Tesluk "clearly knew" the problem was retinal detachment with more specific allegations. Moreover, plaintiff does not allege that defendant Smith was responsible for providing plaintiff with medical treatment. Smith's role as a supervisor of the defendants who were responsible for plaintiff's care is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For these reasons, plaintiff's amended complaint is dismissed with leave to amend.

Leave to Amend

Any amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). It must also be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 11) is DISMISSED with leave to amend within 30 days of service of this order.

2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: August 24, 2022.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE