UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS, | No. 2:22-cv-00640-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After two dismissals pursuant to 28 U.S.C. § 1915A (ECF Nos. 8 & 12), plaintiff has filed a second amended complaint (ECF No. 13), which also must be dismissed with leave to amend.[1]

In the second amended complaint (ECF No. 13), plaintiff states that he intends to pursue Eighth Amendment and state law tort claims against defendants Alan Kirsch and Christopher Smith. The second amended complaint must be dismissed with leave to amend, however, because plaintiff has not included any request for relief. *See* Fed R. Civ. P 8(a)(3) (requiring that

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

a complaint contain a demand for judgment for the relief sought). In any further amended complaint, plaintiff must include a request for relief, such as monetary damages or specific injunctive relief.

The court also notes that an amended complaint may not reference or otherwise rely on allegations contained in a previously filed complaint. Once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Further, if plaintiff wishes to pursue claims based on state tort law, any amended complaint must allege compliance with the California Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

Based on the foregoing, plaintiff's second amended complaint (ECF No. 13) is dismissed with leave to amend for failure to comply with Rule 8.

Accordingly, IT IS ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 13) is DISMISSED with leave to amend within 30 days of service of this order; and
2. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: November 28, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE