UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS, | No. 2:22-cv-00640-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff initiated this action on April 11, 2022 and filed his third amended complaint (TAC) on December 27, 2022. ECF Nos. 1 and 15. After screening the TAC, this court found that plaintiff's allegations regarding treatment of his eye condition at Mule Creek State Prison stated potentially cognizable Eighth Amendment claims against defendants Christopher Smith and Alan Kirsch.[1] ECF No. 17. Plaintiff now moves to compel defendant Kirsch to produce documents, a motion defendant Kirsch has opposed.[2] ECF Nos. 35 and 36. For the following reasons, the court will grant the motion.

---

[1] Defendant's opposition regularly refers to plaintiff as "she." Plaintiff, however, is a male who was treated by defendant at MCSP, a state prison for men.

[2] The court's discovery order did not apply to defendant Smith. ECF. No. 30.

1

### I.     Plaintiff's Allegations

Plaintiff is currently incarcerated at the California Medical Facility (CMF) in Vacaville. ECF No. 15 at ¶ 1. Plaintiff's claim against defendant Kirsch for deliberate indifference under the Eighth Amendment arises from plaintiff's previous incarceration at Mule Creek State Prison (MCSP), where defendant Kirsch was an optometrist. *Id.*

According to plaintiff, he began to complain about his vision problems in 2016. *Id.* at ¶ 5. He requested to see an eye doctor on December 19, 2016. *Id.* at ¶ 7. Dr. Gregory Tesluk, an outside doctor (not named as a defendant), made two different diagnoses of plaintiff's eye condition. *Id.* at ¶ 4. Plaintiff continued to complain of "increasing blurred vision." *Id.* Plaintiff subsequently had medical visits with defendant Kirsch, who did not thoroughly examine plaintiff and did not treat his worsening vision with anything other than glasses. *Id.* at ¶ 6. Plaintiff alleges that this lack of proper treatment caused him pain and discomfort. *Id.* at ¶ 7.

Plaintiff continued to complain about his worsening vision in medical slips. *Id.* at ¶ 6. Eventually, he was examined by a new doctor and "then rushed to U.C. Davis hospital" for surgery. *Id.* According to plaintiff, the delay in treating his detached retina made the surgery unsuccessful and resulted in plaintiff losing vision in his left eye. *Id.* In addition, plaintiff continues to suffer from pain, headaches, and loss of function. *Id.*

### II.    Analysis

Plaintiff's motion requests that this court compel production of documents from defendant in response to plaintiff's timely filed request for production. ECF No. 35. Specifically, plaintiff asks this court to compel production of documents in response to his requests nos. 2, 4, 5, 7, 8, 10, and 11. Defendant provided no responsive documents to any of these requests. Plaintiff's motion to compel was timely filed before the deadline set by this court. ECF No. 30.

Defendant Kirsch's main opposition to plaintiff's motion is that plaintiff did not comply with the meet-and-confer and other requirements of Local Rule 251. However, as this court's scheduling order in this case made clear, "Local Rule 251 shall not apply." ECF. No. 30. Further, this court routinely exempts prisoner cases from a meet-and-confer requirement. *See, e.g.*, *Kahaku v. Wallace*, 2022 WL 2333725 (E.D. Cal. June 28, 2022); *Manning v. Bunnell*, 2014

WL 7336229 (E.D. Cal. Dec. 19, 2014). Accordingly, plaintiff's non-compliance with Local Rule 251 prior to filing the motion to compel does not provide a sufficient basis to deny the motion.

Defendant's other objections to plaintiff's motion to compel are also without merit. For example, defendant Kirsch argues that plaintiff has not adequately addressed defendant's objections to the specific requests. ECF No. 36. Specifically, defendant states that plaintiff has not addressed his "legitimate objections as to vagueness, ambiguity, overbreadth, and undue burden." ECF No. 36 at 3. The court has reviewed all of the requests at issue and they are not vague, ambiguous, or overbroad. Rather, they are simply worded, direct and are easily understood as to what documents are being requested. Further, defendant has produced nothing to show that properly responding to the requests would be unduly burdensome.

Defendant's objections are little more than boilerplate.[3] In his objections to RFP No. 5, for example, defendant does not explain how plaintiff's request for "any/all notes, reports, authorizations for treatments signed and received by defendant concerning Plaintiff's care" is in any way vague, ambiguous, or overbroad. Defendant has not demonstrated that the RFPs in question are not a direct and tailored request for relevant information in a case such as this, which specifically involves defendant's medical care of plaintiff.

Defendant also objects that certain requests, such as "any/all complaints filed against defendant" (RFP No. 4) "may violate the privacy rights of third parties." Defendant does not, however, cite any authority for a right to privacy that would prevent the release of the requested documents to plaintiff, and more importantly, any concern for privacy interests can be adequately addressed by redacting documents and/or seeking a protective order to limit the use of the documents. Defendant also objects that this request is "not reasonably calculated to lead to the discovery of admissible evidence," although he does not explain why any complaints against defendant would not be admissible. In addition, Federal Rule of Civil Procedure 26 makes explicit that admissibility is not a pre-requisite for discoverability.

---

[3] Plaintiff's RFPs and defendant's responses may be found at ECF No. 36 at 4-7.

While defendant does not address this objection in his opposition to the motion to compel, defendant also generally objects in his responses to the RFPs that the requested documents are outside of his "possession, custody, or control" and believes they may be found at the California Department of Corrections and Rehabilitation.[4] ECF No. 36 at 4-7. Defendant does not provide any information beyond this boilerplate objection, however, and fails to address it in his opposition to the motion to compel. As such, it is not an adequate reason to deny plaintiff's motion to compel.

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 35) is GRANTED;
2. Defendant Kirsch is ORDERED to file a statement with the court within seven days, confirming that he has properly supplemented his response in accordance with this order.

Dated: February 9, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The court notes that there is a possibility that certain documents requested by plaintiff may be in his "C" file or medical records, which he may access from the prison via an administrative request. In addition, plaintiff may request a subpoena to be served on non-party CDCR.