UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS, | No. 2:22-cv-00640-EFB (PC) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER SMITH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff initiated this action on April 11, 2022 and filed his third amended complaint (TAC) on December 27, 2022. ECF Nos. 1 and 15. After screening the TAC, this court found that plaintiff's allegations regarding treatment of his eye condition at Mule Creek State Prison (MCSP) stated potentially cognizable Eighth Amendment claims against defendants Christopher Smith and Alan Kirsch. ECF No. 17. Defendant Christopher Smith[1] now moves to dismiss the TAC on various grounds, including that plaintiff has failed to state a claim. Plaintiff has also filed a request for copies of his complaints (ECF No. 32) and a motion to appoint counsel (ECF No. 37).[2] For the following reasons, defendant Smith's motion to dismiss plaintiff's

---

[1] Defendant Alan Kirsch is represented by separate counsel (ECF No. 29) and has not filed a motion to dismiss nor joined the motion to dismiss filed by defendant Smith.

[2] Plaintiff has also filed a motion to compel (ECF No. 35), which defendant Kirsch has opposed. The court will address that motion in a separate order.

1

complaint as untimely must be DENIED and his motion to dismiss for failure to state a claim must be GRANTED. Plaintiff's request for copies of his complaints is GRANTED and his motion to appoint counsel is DENIED.

### I. Plaintiff's Allegations[3]

Plaintiff is currently incarcerated at the California Medical Facility (CMF) in Vacaville, CA. ECF No. 15 at ¶ 1. Plaintiff's claim against defendant Smith for medical indifference under the Eighth Amendment arises from plaintiff's previous incarceration at MCSP. Defendant Smith is the Chief Medical Officer (CMO) for the California Department of Corrections and Rehabilitation (CDCR) and "legally responsible for the overall operation of the Department at MCSP." *Id.* at ¶ 2. Defendant Kirsch is the optometrist at MCSP. *Id.*

According to plaintiff, he began to complain about his vision problems in 2016. *Id.* at ¶ 5. He requested to see an eye doctor on December 19, 2016. *Id.* at ¶ 7. Dr. Gregory Tesluk, an outside doctor not named as a defendant, allegedly made two different diagnoses of plaintiff's eye condition. *Id.* at ¶ 4. Plaintiff continued to complain of "increasing blurred vision." *Id.* Plaintiff subsequently had medical visits with Dr. Kirsch, who allegedly did not thoroughly examine plaintiff and did not treat his worsening vision with anything other than glasses. *Id.* at ¶ 6. Plaintiff alleges that this lack of proper treatment caused him pain and discomfort. *Id.* at ¶ 7.

Plaintiff continued to complain about his worsening vision in medical slips. *Id.* at ¶ 6. Eventually, he was examined by a new doctor and "then rushed to U.C. Davis hospital" for surgery. *Id.* According to plaintiff, the delay in treating his detached retina made the surgery unsuccessful and resulted in plaintiff losing vision in his left eye. *Id.* In addition, plaintiff continues to suffer from pain, headaches, and loss of function. *Id.*

Plaintiff alleges that defendant Smith is liable because he allegedly failed to intervene in the inadequate medical care of Drs. Kesluk and Kirsch. *Id.* at ¶ 4. According to plaintiff, Dr. Smith was responsible for supervising Dr. Kirsch because he was the CMO. *Id.* In addition, as CMO, Dr. Smith "[knew] or ha[d] reason to know that [plaintiff] was in need of immediate care."

---

[3] These allegations are from the TAC and are accepted as true for the purposes of this motion.

*Id.* Plaintiff alleges that Dr. Smith failed to refer him to the hospital or provide for adequate care when his eye condition could have been diagnosed during its early stages. *Id.*

**II.     Legal Standard**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**III.    Analysis**

**A. Statute of Limitations**

Defendant Smith maintains that the Eighth Amendment claim against him is barred by the statute of limitations and must be dismissed. Section 1983 does not specify a limitations period.

3

*Wilson v. Garcia,* 471 U.S. 261, 266 (1985). "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). "California's statute of limitations for personal injury claims is two years." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). However, "[i]f a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years." Cal. Code Civ. Pro. § 352.1(a); *see Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's tolling rules to the extent those rules are not inconsistent with federal law). Thus, a prisoner such as plaintiff serving a term less than life in California may have four years to file a federal §§ 1983 claim. *See Cato v. Durst*, 2019 WL 2249636, * 2 (E.D. Cal. 2019). Claims under § 1983 accrue when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).

Defendant alleges that plaintiff's action against him accrued on November 27, 2017, at the latest, when plaintiff received two contradictory diagnoses from Dr. Tesluk, and plaintiff's complaints to defendant about his worsening vision were "knowingly" ignored. ECF No. 15 at ¶ 4. According to defendant, plaintiff then had until November 27, 2021 (four years) to file his lawsuit; because plaintiff did not file until April 11, 2022 (ECF No. 1), defendant argues plaintiff's claim against him is untimely and must be dismissed.

Even assuming defendant is correct about when plaintiff's claim accrued, defendant has not addressed any possible grounds for tolling. For example, plaintiff may be entitled to tolling from the time spent exhausting his claim. *See, e.g., Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (finding that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process"). Here, plaintiff alleges that he went through the required

exhaustion process (ECF No. 1), a claim that defendant does not attempt to refute. Accordingly, the court cannot determine, on the information presented, whether plaintiff's claim is timely.[4]

In addition, defendant fails to address whether plaintiff has pled a continuing violation of his rights such that the accrual of the cause of action is delayed. Federal law recognizes the principle that a continuing violation of one's rights will delay the time when an action accrues. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (noting that the continuing violation doctrine applies to actions brought under section 1983); *see also Jones v. Scribner*, 2009 WL 233915, at *7-8 (E.D. Cal. Jan. 30, 2009) (finding genuine issue of material fact about whether a continuing violation rendered timely a prisoner's claim of deliberate indifference). "The effect of a continuing violation is to restart the statute of limitations." *Airweld, Inc. v. Airco, Inc.*, 742 F.2d 1184, 1190 (9th Cir. 1984). While plaintiff received two contradictory diagnoses in November 2017, he continued (according to the TAC) to request and be denied adequate optometric care for years after that time, resulting in an unsuccessful surgery and vision loss in one eye. Defendant has not addressed whether plaintiff has alleged a continuing violation or whether plaintiff has alleged a claim that accrued later than November 2017. Thus, defendant's motion to dismiss on the grounds that plaintiff's action against him is untimely must be denied.

**B. Deliberate Indifference Claim Against Defendant Smith**

Defendant also maintains that plaintiff has not pled facts demonstrating a claim against him for violation of the Eighth Amendment. To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchison v. United States*, 838 F.2d

---

[4] The court notes that, based on the attachments filed with his initial complaint, plaintiff filed his initial administrative grievance on August 10, 2021. ECF No. 1 at 13.

390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measure to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

To succeed on a claim of deliberate indifference, a plaintiff must show a deliberate disregard for a known medical need. The Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Furthermore, to state a claim under § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations or had actual knowledge of the violations and failed to act to prevent them. *Id.* When a defendant holds a supervisory position, the causal link between him and the claims constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir 1978).

Here, plaintiff has failed to allege defendant Smith's direct participation in the alleged constitutional violations. Rather, it appears that plaintiff is seeking to impose liability under the doctrine of *respondeat superior*, that is, because defendant is the CMO and *de facto* supervisor of all the doctors, he is responsible for the actions or omissions of the doctors under his supervision. For example, plaintiff alleges in his TAC that defendant Smith is liable because as "Chief Medical Officer he is legally responsible for the overall operation of the department at MCSP." ECF No. 15 at ¶ 2. In addition, plaintiff maintains that defendant Smith "was aware of the many medical grievances plaintiff filed regarding his condition and the worsening thereof." *Id.* at ¶ 3. The Ninth Circuit has held, however, that "[a] supervisor's signature on a grievance form is not enough to demonstrate actual knowledge of the allegations in the grievance on the part of the supervisor." *Peralta v. Dillard,* 744 F.3d 1076, 1086 (9th Cir. 2014). Because plaintiff fails to allege an actual connection between the action of the defendant and the alleged violation of plaintiff's constitutional rights, plaintiff's deliberate indifference claim against defendant Smith must be dismissed.

Defendant Smith requests that the deliberate indifference claim against him be dismissed with prejudice. While leave to amend should be freely given, "a district court may dismiss without leave where the Plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011). Here, plaintiff has been unable to adequately plead a claim against defendant Smith after four complaints. Accordingly, the court finds that any further

7

amendment of the claim of deliberate indifference against defendant Smith would be futile, and that claim is dismissed with prejudice.[5]

### IV. Plaintiff's Motions

Plaintiff has filed a request for copies of his first, second, and third amended complaints. ECF No. 32.  Plaintiff has also filed a motion to appoint counsel.  ECF No. 37.

Plaintiff has requested a copy of his complaints because he states that, because of restrictions at the prison due to COVID-19, he was not provided with a copy of the complaints he drafted.  ECF No 35.  Plaintiff alleges that he needs copies of his previous pleadings to properly litigate this action.  *Id.*  The court agrees that plaintiff is entitled to his pleadings, and directs the Clerk of Court to mail plaintiff copies of all pleadings at ECF Nos. 11, 13, and 15.

Plaintiff also requests the appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court,* 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case, and plaintiff's motion to appoint counsel is denied.

### V. Order and Recommendations

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's December 22, 2023 motion to appoint counsel (ECF No. 37) is DENIED.
2. Plaintiff's August 28, 2023 request for copies of his complaints (ECF No. 32) is GRANTED.  The Clerk of Court is directed to mail copies of all pleadings at ECF Nos. 11, 13, and 15 to plaintiff.

---

[5] Because the court has determined that plaintiff's claim against defendant Smith must be dismissed with prejudice for failure to state a claim, the court need not consider defendant Smith's remaining alternative grounds for dismissal.

8

3. The Clerk of Court is directed to randomly assign a district judge to this action.

It is further RECOMMENDED that:

1. Defendant Smith's motion to dismiss the claim against him as barred by the applicable statute of limitations be DENIED;

2. Defendant Smith's motion to dismiss the claim against him for failure to state a claim be GRANTED and plaintiff's claim of deliberate indifference against defendant Smith be DISMISSED WITH PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE