UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN WOODS,<br>Plaintiff,<br>v.<br>ALAN KIRSCH,<br>Defendant. | No. 2:22-cv-00640-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court are several motions:

1. Plaintiff's motions for an extension of all pending deadlines (ECF Nos. 60, 64);
2. Defendant's motion for leave to file an amended answer (ECF No. 61);
3. Defendant's motion to modify the schedule (ECF No. 62);
4. Plaintiff's motion for preliminary injunctive relief (ECF No. 65);
5. Plaintiff's motion for appointment of counsel (ECF No. 66);
6. Motions by both parties for an extension of time to file a pretrial statement (ECF Nos. 68, 69, 73).

////

////

////

**I. Background**

Plaintiff filed his complaint on April 11, 2022. ECF No. 3. On April 17, 2023, the court found that plaintiff's third amended complaint had stated a potentially cognizable claim against defendant Kirsch, a former medical care provider at Mule Creek State Prison, for deliberate indifference to plaintiff's serious medical needs. ECF No. 17. Attorney Joseph A. Salazar, Jr., appeared on behalf of defendant on June 29, 2023 and filed an answer on July 31, 2023. ECF Nos. 24, 27. On August 10, 2023, the court issued a scheduling order directing the completion of discovery by December 22, 2023 and the filing of dispositive motions by March 22, 2024. ECF No. 30. No dispositive motions were filed, and the court consequently issued an order on September 17, 2025 directing expert disclosures within 90 days, expert discovery to conclude 30 days thereafter, and the filing of pretrial statements in February 2026. ECF No. 53.

In early December 2025, the court granted plaintiff's motion to substitute Janet Nah Chen as his counsel. ECF No. 56. On February 4, 2026, the court granted requests by both parties to extend the deadlines set by the court's September 17, 2025 order.

**II. Plaintiff's Motion for Counsel (ECF No. 66)**

Plaintiff filed his motion for appointment of counsel on April 20, 2026, when he was housed in a mental health crisis bed, was without access to his legal materials, and lacked access to a law library. ECF No. 66. Since that time, plaintiff has been returned to California Men's Colony and states that he is now mentally stable. ECF No. 69.

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

////

Because plaintiff is no longer in housing that limits his access to his legal property and a law library and has become, in his own words, mentally stable, the circumstances upon which he premised his request for counsel have ended. Accordingly, the court finds no exceptional circumstances justifying appointment of counsel at this time.

**III. Defendant's Motion to Amend the Answer (ECF No. 61)**

Once a court issues a scheduling order, requests to amend a pleading must be supported by "good cause" under Federal Rule of Civil Procedure 16(b)(4). *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 608 (9th Cir. 1992); *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

In assessing whether a party has demonstrated good cause, a court "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (citations omitted). "[C]arelessness is not compatible with a finding of diligence" and "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citations omitted).

In March of this year, defendant sought leave to file an amended answer to include the defense of non-exhaustion of administrative remedies.[1] ECF No. 61. Counsel states that prior counsel did not include the defense in the original answer and that current counsel acted immediately to amend once the omission was noticed.[2] *Id.* While current counsel claims to have acted with diligence, no explanation has been provided for why prior counsel omitted the defense,

---

[1] The exhaustion requirement defendant seeks to now raise is not jurisdictional and can be waived. *Lira v. Herrera*, 427 F3d 1164, 1171 (9th Cir. 2005).

[2] Two attorneys from defendant's prior law firm filed notices of appearances on behalf of defendant. ECF No. 24 (filed by attorney Salazar on July 29, 2023) and ECF No. 29 (filed by attorney Matthews on August 1, 2023). The former signed the Answer filed on behalf of the defendant on July 31, 2023, with both attorneys appearing on the pleading as counsel of record for defendant Kirsch. Neither sought leave to amend the Answer at any time prior to the notice of substitution of current counsel submitted on November 24, 2025. ECF No. 54.

let alone an explanation that could support a finding of good cause. Prior counsel's unexplained omission does not establish good cause under Rule 16. *Zone Sports Ctr., LLC v. Rodriguez*, No. 1:11-cv-00622-SKO, 2016 WL 224093, at *5 (E.D. Cal. Jan. 19, 2016) (former counsel's decisions are imputed to her client, and "[a]n eleventh-hour case evaluation by newly retained counsel . . . does not demonstrate diligence[.]"); *Khobragade v. Covidien LP*, No. 16-cv-0468-WQH-AGS, 2018 WL 4811895, at *1 (S.D. Cal. Oct. 4, 2018) (conduct of prior counsel does not constitute good cause to modify a schedule). Because defendant advances no other basis for a finding of good cause, the undersigned recommends that the district judge deny the motion to amend the answer.

**IV. Motions to Modify the Schedule (ECF No. 60, 62, 64)**

Defendant seeks to modify the schedule to permit him to depose plaintiff and file a motion for summary judgment. ECF No. 62. Counsel states that her predecessor did not take plaintiff's deposition prior to the discovery deadline of December 22, 2023 nor did he file a dispositive motion prior to the March 22, 2024 deadline to do so. *Id.* at 3. Again, the only basis presented for good cause is that prior counsel did not depose plaintiff and did not file a dispositive motion. The deadlines to do so have long since passed, and current counsel provides no explanation for why prior counsel made those decisions. Because past counsel's conduct does not provide good cause for the modification of a schedule, defendant's motion to modify the schedule will be denied.

On February 4, 2026, plaintiff filed a motion for a 90-day extension of the deadlines for motions to obtain the attendance of witnesses at trial, expert disclosures, expert discovery, and the filing of pretrial statements. ECF No. 60. Plaintiff argued that he had been placed in administrative segregation, separated from his legal work, and denied access to a law library. *Id.* However, plaintiff states that his legal work has been returned to him as of January 17, 2026 and, as of the filing of another motion on May 18, 2026, plaintiff states that he has his property and his mentally stable and ready to proceed. *Id.*; ECF No. 72. Additionally, the parties have filed their pretrial statements, defendant has disclosed his expert, and plaintiff indicates no intention to call any witnesses other than "a Hendonic or Hidonic expert to explain plaintiff's damages to the

jury," if permitted by the district judge. ECF No. 70 at 4. It thus appears that the requested extension is not needed.

Plaintiff again requested an extension of time on April 1, 2026, stating that he had been having mental health issues, had been placed in ad seg, was awaiting transfer, and all of his property had been packed up. ECF No. 64. Again, later filings state that plaintiff is no longer in segregated housing, has regained mental stability, and is ready to proceed to trial. ECF Nos. 69, 72. Accordingly, this requested extension also appears currently unnecessary.

**V. Motions for Additional Time to File Pretrial Statements (ECF Nos. 68, 69, 73)**

Both parties have requested additional time to file their pretrial statements due to the uncertain period during which both parties had various motions to modify the schedule pending with the court. It is apparent that both parties worked diligently to comply with the existing schedule despite the uncertainty, and the court finds good cause to grant the extra time. As both pretrial statements have now been filed, the court will grant the motions nunc pro tunc and accept the pretrial statements as timely.

**VI. Plaintiff's Motion for Preliminary Injunctive Relief (ECF No. 65)**

On April 13, 2026, while housed in a mental health crisis bed at California Men's Colony, plaintiff filed a motion with the court stating that he was in fear of his life due to a potential transfer to California Medical Facility. ECF No. 65. He also stated that CDCR staff had destroyed or confiscated some of his legal documents and were mistreating him in other ways unrelated to the merits of this action. *Id.* He asked for an injunction prohibiting his transfer, ordering that legal documents may only be searched in the presence of plaintiff and a sergeant, mandating that plaintiff be placed in a single cell or be given approval over any cellmate, and ordering that any confiscation or destruction of plaintiff's property be "verified" by a sergeant and "signed" by plaintiff. *Id.*

Preliminary injunctive relief may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a

preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

The alleged conduct addressed by plaintiff's motion is not the subject of this action and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits as to this case. In addition, plaintiff does not indicate with any specificity how any of the actions he complains of have impeded his litigation of this case such that some relief may be warranted under the All Writ's Act. *See* 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"). From plaintiff's more recent filings, it appears that plaintiff has not been transferred to California Medical Facility, has been released from the mental health crisis bed, is in possession of his legal property, and is mentally stable and ready to proceed. Accordingly, the motion must be denied.

## VII. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the schedule (ECF No. 62) is DENIED;
2. Plaintiff's motions for extension of time (ECF Nos. 60, 64) are DENIED;
3. Plaintiff's motion for appointment of counsel (ECF No. 66) is DENIED;
4. The parties' motions for additional time to file their pretrial statements (ECF Nos. 68, 69, 73) are GRANTED NUNC PRO TUNC, and the pretrial statements filed by the

parties (ECF Nos. 70, 74) are accepted as timely;

It is further RECOMMENDED that the district judge:

1. DENY defendant's motion to file an amended answer (ECF No. 61);
2. DENY plaintiff's motion for preliminary injunctive relief (ECF No. 65) and schedule the case for trial.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

Dated: August 25, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE